UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

EASTERN DISTRICT OF MASSACHUSETTS                CIVIL ACTION NO:

ANTHONY P. SCAPICCHIO, M.D.,
       Plaintiff,                    MAGISTRATE JUDGE_____

v.

MOUNT AUBURN PROFESSIONAL SERVICES,
a Massachusetts non-profit corporation, MOUNT
AUBURN HOSPITAL, a hospital incorporated in
Massachusetts, for itself and as administrator of the
Mount Auburn Hospital RetirementPlus 403(b)
Plan, and THOMAS FABIANO,
       Defendents.

RECEIPT #_____
AMOUNT $_____
SUMMONS ISSUED_____
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK._____
DATE_____

## COMPLAINT

### The Parties

1. Anthony Scapicchio, M.D. ("Scapicchio") lives at 780 Boylston Street, Boston, MA 02199.

2. Mount Auburn Professional Service, is a non-profit corporation organized under the laws of the Commonwealth of Massachusetts, and its principal place of business is at 330 Mount Auburn Street, Cambridge, MA 02138.

3. Mount Auburn Hospital is, upon information and belief, a hospital organized under the laws of the Commonwealth of Massachusetts, and its principal place of business is at 330 Mount Auburn Street, Cambridge, MA 02138.

4. Thomas Fabiano administers the Mount Auburn Hospital RetirementPlus 403(b) Plan on behalf of Mount Auburn Professional Services and Mount Auburn Hospital.

5. The Mount Auburn Hospital RetirementPlus 403(b) Plan, is sponsored and administered by Mount Auburn Hospital.

### Jurisdiction

6. Jurisdiction resides in this Court pursuant to 29 U.S.C. 1132(e)(7).

7. Dr. Scappichio has exhausted all administrative remedies.

## The Facts

8. Dr. Scapicchio became the chief of emergency services for Mount Auburn Hospital in 1974, chief of ambulatory services in 1976, chairman of the department of emergency medicine in 1987, and in 1989 became chairman emeritus, department of emergency medicine.

9. In 1990 Mount Auburn Hospital offered what became known as RetirementPlus, a tax deferred annuity plan to meet the requirements of Section 403(b) of the Internal Revenue Code of 1986. The retirement plan document was provided to Dr. Scapicchio. UNUM Life Insurance Co., one of the carriers provided promotional material that stated retirement benefits would continue while an individual was on disability. Upon information and belief, Mount Auburn Hospital authorized and adopted the representations set forth in the promotional literature.

10. In 1994 a long-term disability plan was offered as part of Scapicchio's RetirementPlus 403(b) Plan Account (the "Plan"). When it was offered, representations were made to Dr. Scapicchio that if disabled, employees of Mount Auburn Hospital would receive wage replacement benefits from his long term disability plan up to the date of retirement, and that the employer would make payments to the retirement plan so a disabled individual would have a fully funded retirement benefits plan comparable to peers that were not disabled, upon retirement.

11. Dr. Scapicchio was personally involved with the development of the plan in his role as head of Emergency Services for Mount Auburn Hospital. He was a leader in its development to ensure the Mount Auburn Hospital was able to recruit qualified physicians. The intent of the plan developers was to ensure a fully funded retirement plan.

12. The plan document and the plan summary are silent as to whether employer contributions continue during the course of an employee's disability.

13. Dr. Scapicchio had entered into an employment agreement with Mount Auburn Hospital in 1989. The terms of the agreement continued from year-to-year without modification. The employment agreement provided that contributions would be made to retirement plans upon the completion of two years of employment during which the individual worked twenty or more hours per week. That requirement ceased upon an individual becoming a qualified employee.

14. In January 1995, Dr. Scapicchio became disabled. Upon the recommendation of employees of Mount Auburn Hospital he applied for long-term disability insurance benefits, and benefits were granted.

15. Upon information and belief, Mount Auburn Hospital continued to make contributions to Dr. Scapicchio's account until July 1995. Dr. Scapicchio relied upon the continued payment of contributions into his account during the early periods of his disability. By making such contributions after Dr. Scapicchio ceased working twenty hours per week due to his disability Mount Auburn Hospital waived any rights to assert the failure to work twenty or more hours per week as a defense to payment of contributions for Dr. Scapicchio.

16. In taking the long-term disability Dr. Scapicchio relied upon the representations made that contributions would continue to be made to the retirement plan during a disability.

17. The defendants knew or should have known that Dr. Scapicchio reasonably relied upon the representations related to contribution payments.

18. On August 12, 2002, Dr. Scapicchio was informed by Fidelity Investments, for the first time, that Mount Auburn Hospital had ceased making contributions to the retirement portion of the Plan account in 1995 and at that time his employee status went from active to terminated.

19. At no time did Mount Auburn Hospital notify Dr. Scapicchio that he was terminated in 1995. At no time Mount Auburn Hospital notify Dr. Scapicchio that it had ceased making contributions to his retirement account.

20. Upon information and belief, Mount Auburn Hospital ceased making contributions to Dr. Scapicchio's account on or after August 1995, in contravention of Title I, 42 U.S.C. §12112(b)(2) and M.G.L. c. 151D, illegally discriminated in the provision of benefits by ceasing to make contributions to the Plan on behalf of Dr. Scapicchio, although, upon information and belief, it continued to make contributions to all non-disabled employees during that period. Such discriminatory actions continued through each succeeding pay period.

21. The benefits arising from the Plan were to be reaped post-employment.

22. The discriminatory conduct action was taken after Dr. Scapicchio, who had been a qualified employee, had become disabled. He was thereafter entitled to equal post-employment benefits as a result of being a qualified employee prior to becoming disabled.

23. Mount Auburn Hospital continued to pay Dr. Scapicchio and issue W-2's on an annual basis from 1995 through Dr. Scapicchio's retirement in 2002, but failed to make any contributions to his Plan account on his behalf.

24. As of 1995, Dr. Scapicchio was fully vested in his retirement benefits because he had twenty years of service with Mount Auburn Hospital. As a result, he was entitled to contributions from Mount Auburn Hospital of eight percent of the allowable compensation amount.

25. On or about August 2002, Dr. Scapicchio filed a claim with respect to his Mount Auburn Hospital RetirementPLUS 403(b) Plan requesting the Mount Auburn Hospital make contributions to his retirement plan.

26. On or about October 15, 2002, Dr. Scapicchio's claim was denied based on Mount Auburn Hospital's claim that it did not "pay" Dr. Scapicchio while he was on disability, and therefore, Dr. Scapicchio was not compensated for purposes of the 403(b) Plan. It failed to make any other specific references to plan provisions on which the denial was based.

27. Mount Auburn Hospital gave Dr. Scapicchio notice that he had the right to request a review of the denial within 60 days of the denial. It failed to provide him a guideline of steps to take to obtain a full and fair review with a hearing if requested.

28. On or about October 24, 2002, Dr. Scapicchio requested his statutory right to appeal the decision to deny his claim, he requested notice of the name of the individual who would conduct the appeal, and the procedural rules contemplated. He specifically notified Mount Auburn Hospital that disability payments qualify as compensation.

29. On or about October 24, 2002, Dr. Scapicchio also requested copies of pertinent documents, including, all plan documents and the summary plan descriptions for every retirement plan in effect at or after the first employment of Dr. Scapicchio, and documents regarding any employee welfare or employee benefit plans.

30. Mount Auburn Hospital failed to adequately respond to Dr. Scapicchio in that it did not notify him of the individual(s) conducting the appeal or the procedural rules to be used. It also specifically failed to provided him the requested documents, or to make such documents available for review.

31. Rather, on or about December 20, 2002, without allowing further review or participation Mount Auburn Hospital issued a letter affirming its denial of Dr. Scapicchio's claims for contribution payments.

32. Mount Auburn Hospital thereby violated 29 U.S.C. §1133 and 29 C.F.R. 2560.503(f). Its violation of the statutory and regulatory provisions constituted arbitrary and capricious denial of benefits.

33. For the first time, Mount Auburn Hospital notified Dr. Scapicchio that, in its opinion, he was not eligible for benefits because he was not regularly scheduled to work at least 20 hours a week while he was disabled. For the first time, Mount Auburn Hospital notified Dr. Scapicchio that it could not calculate contributions because compensation received was not for the "performance of services." For the first time, after the denial of the appeal, Mount Auburn Hospital notified Dr. Scapicchio that it would not provide the requested documents.

34. Mount Auburn Hospital violated Dr. Scapicchio's right to a full and fair review of its decision by, among other things, failing to provide requested documents, by failing to allow a review based on all pertinent information, by failing to allow him to respond to the new reasons for the denial of benefits, and by failing to indicate the fiduciaries conducting the review.

35. Mount Auburn Hospital continued to pay Dr. Scapicchio and issue W-2's on an annual basis, but failed to make any contributions to the Plan account on his behalf.

36. Although Dr. Scapicchio was a beneficiary of the retirement plan and that he had a right to the contributions Mount Auburn Hospital arbitrarily and capriciously denied his right to the benefits requested.

37. On May 5, 2003, Dr. Scapicchio received a letter from Mount Auburn Hospital denying Dr. Scapicchio's request that Mount Auburn Hospital make contributions to the Plan on his behalf because of his disability.

38. The Mount Auburn Hospital Plan required that Mount Auburn Hospital provide a written denial with (a) the reasons for the denial, (b) the plan provisions on which the denial is based, (c) any additional material or information necessary to perfect the claim and the reasons it is necessary, and (d) the plan's claims review procedure.

39. Mount Auburn Hospital failed to comply with the Plan because the written denial did not identify the plan provision on which the denial was based, it did not notify Dr. Scapicchio of additional material that it needed to consider the claim for benefits, and it failed to notify Dr. Scapicchio of the review procedure.

40. The Plan also required a full and fair review, that pertinent documents would be made available for review, and that a claimant is to be given an opportunity to submit issues and comments orally, in writing, or both. Mount Auburn Hospital denied Dr. Scapicchio all of these rights.

    a. a retirement savings program designed to provide employees of Mount Auburn Hospital with a progressive and flexible retirement plan;

    b. a disability benefits program that provides money which does not reduce the amount of money which would have been paid as Retirement Benefits at the normal retirement age under the plan if the disability had not occurred;

    c. is to be construed to carry out the intent of the plan.

41. The intent of the Plan, as represented to Dr. Scapicchio, was to couple the retirement program and disability program together to ensure that a disabled employee's retirement package, would be fully funded upon retirement.

42. The Summary Plan specifically identifies the "employer contribution" as the Plan's most important advantage. The contribution allows the employee to "accumulate a substantial fund for your future financial security."

43. In determining whether an individual has sufficient years of service to be a qualified employee the Plan considers hours of service in the proceeding years. "An hour of service" is "(b) Each hour for which you are paid, or entitled to payment, by the hospital on account of a period of time during which no duties are performed (irrespective of whether the employment relationship has terminated) due to vacation, holiday, illness, incapacity (including disability), . . . ."

44. As defined therein, it is clear that after one has qualified for the Plan, that time on disability is included as time paid by The Mount Auburn Hospital.

45. The denial of Dr. Scapicchio's claim and appeal arbitrarily and capriciously fails to construe the plan according to its intent as to an issue that is not addressed by the Plan.

46. The defendants owed a duty to Dr. Scapicchio as fiduciary of the Plan.

47. The denial of Dr. Scapicchio's claim constituted a breach of fiduciary duty.

48. Mount Auburn Hospital's actions violate the American with Disabilities Act and M.G.L. c. 151B by discriminating against Dr. Scapicchio based on his disability in the provision of benefits.

49. As a result of the Defendants' negligent and intentional acts, Dr. Scapicchio has, and continues to, suffer emotional distress.

50. Dr. Scapicchio was damaged by the defendant's actions.

### JURY DEMAND ON ALL CLAIMS SO TRIABLE

Dr. Scapicchio hereby requests that this matter be set for a jury trial.

WHEREFORE, Dr. Scapicchio respectfully requests that this Court enter a judgment on his behalf as follows:

   a. Declare that under either the employment contract or the Plan that Dr. Scapicchio is entitled to contributions to his retirement plan while he was disabled;

   b. Order a judgment for the amount of contributions, to be proven at trial, that should have been paid, plus interest; and

   c. Award such other damages, including emotional damages, as are to be proven at

trial, plus costs and attorney fees.

                Respectfully submitted,
                Anthony Scapicchio, M.D.
                By his attorney,

                Rodney S. Dowell, Esq., BBO 629016
                Berman & Dowell
                210 Commercial Street
                Boston, MA 02109
                617-723-9911

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Anthony P. Scapicchio v. Mount Auburn Professional Services__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

    - [ ] I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
    - [x] II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases
    - [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.
    - [ ] IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.
    - [ ] V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES [ ]   NO [x]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

   YES [ ]   NO [x]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES [ ]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES [ ]   NO [x]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   YES [ ]   NO [ ]

   A. If yes, in which division do all of the non-governmental parties reside?

      Eastern Division [x]   Central Division [ ]   Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

      Eastern Division [ ]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

   YES [ ]   NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME ___Rodney S. Dowell___
ADDRESS ___210 Commerical Street___
TELEPHONE NO. ___617-723-9911___

(Coversheetlocal.wpd - 10/17/02)

%JS 44   (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Anthony P. Scapicchio

**DEFENDANTS** Mount Auburn Professional Services, a Mass. non-profit corp., Mount Auburn Hospital, a hospital incorporated in Massachusetts, and Thomas Fabiano

(b) County of Residence of First Listed Plaintiff: Suffolk, MA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed: Middlesex, MA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Rodney S. Dowell, Berman & Dowell
210 Commercial Street, Boston, MA 02109
617-723-9911

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business in This State | [ ] 4 | [X] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 362 Personal Injury— Med. Malpractice | [ ] 620 Other Food & Drug | | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 365 Personal Injury— Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 423 Withdrawal 28 USC 157 | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 630 Liquor Laws | | [ ] 450 Commerce/ICC Rates/etc. |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / [ ] 368 Asbestos Personal Injury Product Liability | [ ] 640 R.R. & Truck | PROPERTY RIGHTS | [ ] 460 Deportation |
| [ ] 151 Medicare Act | | [ ] 650 Airline Regs. | [ ] 820 Copyrights | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 340 Marine / PERSONAL PROPERTY | [ ] 660 Occupational Safety/Health | [ ] 830 Patent | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 345 Marine Product Liability / [ ] 370 Other Fraud | [ ] 690 Other | [ ] 840 Trademark | [ ] 850 Securities/Commodities/Exchange |
| [ ] 160 Stockholders' Suits | [ ] 350 Motor Vehicle / [ ] 371 Truth in Lending | LABOR | SOCIAL SECURITY | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 190 Other Contract | [ ] 355 Motor Vehicle Product Liability / [ ] 380 Other Personal Property Damage | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 891 Agricultural Acts |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal Injury / [ ] 385 Property Damage Product Liability | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 892 Economic Stabilization Act |
| | | | [ ] 863 DIWC/DIWW (405(g)) | [ ] 893 Environmental Matters |
| | | | [ ] 864 SSID Title XVI | [ ] 894 Energy Allocation Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 220 Foreclosure | [ ] 442 Employment | Habeas Corpus: | FEDERAL TAX SUITS | |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/Accommodations | [ ] 530 General | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | [X] 440 Other Civil Rights | [ ] 540 Mandamus & Other | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 890 Other Statutory Actions |
| [ ] 290 All Other Real Property | | [ ] 550 Civil Rights | | |
| | | [ ] 555 Prison Condition | [ ] 790 Other Labor Litigation | |
| | | | [ ] 791 Empl. Ret. Inc. Security Act | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

[X] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from another district (specify)
[ ] 6 Multidistrict Litigation
[ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

This action arises, in part, from a violation of Title I, 42 USC sec. 12112 and 29 USC sec. 1133 (violation of the American Disability Act and ERISA), and jurisdiction is correct pursuant to 29 USC sec. 1132(e)(7).

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION DEMAND UNDER F.R.C.P. 23

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE 7/13/04
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____