UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 SEP 28  P 4: 02

U.S. DISTRICT COURT
DISTRICT OF MASS.

ANTHONY P. SCAPICCHIO
   Plaintiff

v.

MOUNT AUBURN PROFESSIONAL
SERVICES, MOUNT AUBURN HOSPITAL,
as administrator of the Mount Auburn Hospital
RetirementPlus 403(b) Plan, and THOMAS
FABIANO,
   Defendant

CIVIL ACTION NO. 04-11573-RWZ

**ANSWER OF THE DEFENDANTS, MOUNT AUBURN PROFESSIONAL SERVICES, MOUNT AUBURN HOSPITAL, AS ADMINISTRATOR OF THE MOUNT AUBURN RETIREMENTPLUS 403(b) PLAN AND THOMAS FABIANO**

1. Defendants admit the allegations of Paragraph 1.

2. Defendants admit the allegations of Paragraph 2.

3. Defendants admit the allegations of Paragraph 3.

4. Defendants admit that Thomas Fabiano presently administers the Mount Auburn Hospital RetirementPlus 403(b) Plan but denies that he administered the Plan at all times during the period alleged in the Complaint.

5. Defendants admit the allegations of Paragraph 5.

6. Paragraph 6 of the Complaint is an allegation of jurisdiction to which no answer is required.

7. Defendants deny the allegations of Paragraph 7 and say that the Plaintiff does not have any rights against the Plan and, therefore, had no administrative remedies.

8. Defendants admit the allegations of Paragraph 8.

9. Defendants deny the allegations of Paragraph 9.

10. Defendants deny the allegations of Paragraph 10.

11. Defendants deny the allegations of Paragraph 11.

12. Defendants deny the allegations of Paragraph 12.

13. Defendants say that the employment agreement between Plaintiff and Mount Auburn Hospital speaks for itself and therefore, no answer is required and otherwise denies the allegations of Paragraph 13.

14. Defendants admit that on or prior to January 1995, Plaintiff became disabled but otherwise denies the allegations of Paragraph 14.

15. Defendants deny the allegations of Paragraph 15.

16. Defendants deny the allegations of Paragraph 16.

17. Defendants deny the allegations of Paragraph 17.

18. Defendants deny the allegations of Paragraph 18.

19. Defendants deny the allegations of Paragraph 19.

20. Defendants deny the allegations of Paragraph 20.

21. Defendants deny the allegations of Paragraph 21.

22. Defendants deny the allegations of Paragraph 22.

23. Defendants deny the allegations of Paragraph 23.

24. Defendants say that the Plan documents speak for themselves and otherwise deny the allegations of Paragraph 24.

25. Defendants admit that on or about August 2002, Plaintiff made a claim on the Plan and otherwise deny the allegations of Paragraph 25.

26. Defendants say that on or about October 15, 2002, the Plan denied his claim and otherwise deny the allegations of Paragraph 26.

27. Defendants say that Mount Auburn Hospital advised Plaintiff of his rights of review and otherwise deny the allegations of Paragraph 27.

28. Defendants say that, on or about October 24, 2002, Plaintiff requested a review of his claim and otherwise deny the allegations of Paragraph 28.

29. Defendants admit that on or about October 24, 2002, Plaintiff requested copies of the Plan and the Summary Plan Descriptions but otherwise deny the allegations of Paragraph 29.

30. Defendants deny the allegations of Paragraph 30.

31. Defendants admit that Mount Auburn Hospital denied Plaintiff's claim for contribution payments and otherwise deny the allegations of Paragraph 31.

32. Defendants deny the allegations of Paragraph 32.

33. Defendants admit that Plaintiff was not eligible for benefits and otherwise deny the allegations of Paragraph 33.

34. Defendants deny the allegations of Paragraph 34.

35. Defendants admit that Mount Auburn Hospital issued to Plaintiff W-2's but otherwise deny the allegations of Paragraph 35.

36. Defendants deny the allegations of Paragraph 36.

37. Defendants admit the allegations of Paragraph 37.

38. Defendants admit the allegations of Paragraph 38.

39. Defendants deny the allegations of Paragraph 39.

40. Defendants deny the allegations of Paragraph 40.

41. Defendants deny the allegations of Paragraph 41.

42. Defendants say that the Summary Plan Description speaks for itself and otherwise deny the allegations of Paragraph 42.

43. Defendants say that the Plan and Summary Plan Description speaks for themselves and otherwise deny the allegations of Paragraph 43.

44. Defendants deny the allegations of Paragraph 44.

45. Defendants deny the allegations of Paragraph 45.

46. Defendants deny the allegations of Paragraph 46.

47. Defendants deny the allegations of Paragraph 47.

48. Defendants deny the allegations of Paragraph 48.

49. Defendants deny the allegations of Paragraph 49.

50. Defendants deny the allegations of Paragraph 50.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against Defendants upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff is estopped from making the claims alleged in the Complaint.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff by his conduct waived any claims alleged in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

The Plan provides that the administrator of the Plan has full discretion to interpret and apply any plan provision and can adopt reasonable rules and regulations for the administration of the plan and that the administrator's decisions are binding unless plainly wrong or clearly unfair and the decision made by the administrator to deny the Plaintiff's claim was not plainly wrong or clearly unfair.

WHEREFORE, Defendants request that the Complaint be dismissed.

MOUNT AUBURN PROFESSIONAL
SERVICES, MOUNT AUBURN HOSPITAL,
as the administrator of MOUNT AUBURN
RETIREMENTPLUS 403(b) PLAN and
THOMAS FABIANO

By their Attorneys,

Philip M. Cronin, BBO #106060
Michael Cedrone, BBO #
PEABODY & ARNOLD LLP
30 Rowes Wharf, 6th Floor
Boston, MA 02110
(617) 951.2065

## CERTIFICATE OF SERVICE

I, Philip M. Cronin, attorney for Defendants, hereby certify this 28th day of September 2004, that I served a copy of the foregoing document by first-class mail, postage prepaid upon John S. Day, Esq., 167 Washington Street, Norwell, MA 02061.

*Philip M. Cronin*

Philip M. Cronin

597632_1
5436-90871