FILED
IN CLERKS OFFICE

2005 JAN 21 A 10: 21

U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

ANTHONY P. SCAPICCHIO
Plaintiff

v.

MOUNT AUBURN PROFESSIONAL SERVICES, MOUNT AUBURN HOSPITAL, as administrator of the Mount Auburn Hospital RetirementPlus 403(b) Plan, and THOMAS FABIANO
Defendants

CIVIL ACTION NO. 04-11573-RWZ

**DEFENDANTS' STATEMENT OF THE MATERIAL FACTS OF RECORD
AS TO WHICH THERE IS NO GENUINE ISSUE TO BE TRIED**

Defendants, Mount Auburn Professional Services, Mount Auburn Hospital, as administrator of the Mount Auburn Hospital RetirementPlus 403(b) Plan and Thomas Fabiano, state in accordance with United States District Court Local Rule 56.1 that there is no genuine issue to be tried with respect to the following concise statement of the material facts of record:

1.  The plaintiff Anthony P. Scapicchio is hereinafter referred to as "Scapicchio." The defendants Mount Auburn Professional Services, Mount Auburn Hospital, as administrator of the Mount Auburn Hospital RetirementPlus 403(b) Plan and Thomas Fabiano are collectively referred to hereinafter as "Mount Auburn Hospital." References to the affidavit of Mount Auburn Hospital in support of the defendants' motion for summary judgment is either to the paragraph numbers of the affidavit or to the exhibits attached to the affidavit designated by the tab number.

2.  Scapicchio was an employee of Mount Auburn Hospital on the medical staff. He started work October 31, 1974. (Aff. ¶8) (Exhibits 2 and 3)

3. Between October 31, 1974 and December 31, 1989, Scapicchio was a participant in a defined benefit pension plan. That plan terminated on December 31, 1989. (Aff. ¶21)

4. On January 1, 1990 Mount Auburn Hospital established a retirement plan designated as the Mount Auburn Hospital RetirementPlus 403(b) Plan for employees of Mount Auburn Hospital (hereinafter the "Plan". (Aff. ¶4).

5. A true copy of the Plan is attached to the affidavit of the defendants. (Exhibit 1)

6. On April 20, 1995, Scapicchio applied to Liberty Life Assurance Company (hereinafter "Liberty") for long-term disability benefits on the grounds that since January 13, 1995 he was suffering from major depression. (Exhibits 4, 5)

7. Liberty on July 10, 1995 approved Scapicchio's application for benefits retroactive to January 12, 1995. (Aff. ¶9, 13) (Exhibits 8, 11)

8. Scapicchio did not return within twelve months from a leave of absence that commenced on January 12, 1995. (Exhibit 13)

9. The Mount Auburn Hospital medical staff by-laws provide that any member of the medical staff who fails to return from a leave of absence within twelve months of departure shall be deemed to have resigned. (Exhibit 12)

10. On February 8, 1996, Scapicchio wrote Mount Auburn Hospital that he was not capable of returning to his role as a physician and resigned from the medical staff. (Exhibit 13)

11. Between January 1, 1995 and September 30, 1995 Mount Auburn Hospital deposited $6,666.50 to Scapicchio's 403(b) account maintained by Fidelity Investments for 20 weeks of paid leave of absence for physicians. (Aff. ¶¶25, 26)

12. After January 1, 1995, Scapicchio's Fidelity Investments statements show no contributions by Mount Auburn Hospital for the amount of any defined contribution under the Plan. (Exhibit 20)

13. Scapicchio made a claim on August 12, 2002 for contributions by Mount Auburn Hospital to the Plan on the grounds that Mount Auburn Hospital should have made contributions based on disability benefits from Liberty. (Exhibit 14)

14. Mount Auburn Hospital denied Scapicchio's claim by a letter dated October 15, 2003 on the grounds that he was not eligible for contributions under the Plan. (Exhibit 15)

15. Mount Auburn Hospital reaffirmed its denial be decision dated January 21, 2003. (Exhibit 19)

16. Scapicchio reached age 65 on December 18, 2002. (Aff. ¶23)

17. In accordance with the Liberty policy his disability payments terminated on December 18, 2002. (Aff. ¶23) (Exhibit 9)

18. On December 18, 2002, Scapicchio could choose to have the value of his account with Fidelity Investment paid in any form of benefit made available by Fidelity Investment. (Exhibit 1) (Aff. ¶23)

MOUNT AUBURN PROFESSIONAL
SERVICES, MOUNT AUBURN HOSPITAL,
as the administrator of MOUNT AUBURN
HOSPITAL RETIREMENTPLUS 403(b) PLAN
and THOMAS FABIANO
By their Attorneys,

*[signature]*

Philip M. Cronin, BBO #106060
Michael Cedrone, BBO #657708
PEABODY & ARNOLD LLP
30 Rowes Wharf, 6th Floor
Boston, MA 02110
(617) 951.2065

PABOS2:PCRONIN:604599_1
5436-90871