UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11573-RWZ

_____
ANTHONY P. SCAPICCHIO, M.D.,            )
        Plaintiff,                                   )
                                         )
v.                                       )
                                         )
MOUNT AUBURN PROFESSIONAL                )
SERVICES, a Massachusetts non-           )
profit corporation, MOUNT AUBURN         )
HOSPITAL, a hospital incorporated        )
in Massachusetts, for itself and as      )
administrator of the Mount Auburn        )
Hospital RetirementPlus 403(b)           )
Plan, and THOMAS FABIANO,                )
        Defendants.                                )
_____)

**RESPONSE OF PLAINTIFF ANTHONY P. SCAPICCHIO, M.D. TO THE DEFENDANTS' PURPORTED STATEMENT OF THE MATERIAL FACTS OF RECORD AS TO WHICH THERE IS NO GENUINE ISSUE TO BE TRIED**

      Now comes the Plaintiff, Anthony P. Scapicchio, M.D., and, in accordance with Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56.1, submits the following response to the defendants' purported statement of the material facts of record as to which there is no genuine issue to be tried:

1.     Undisputed.

2.     Disputed. Further responding, Dr. Scapicchio states that he became employed by Mouth Auburn Hospital ("MAH") on or about September 1, 1974, when he was appointed as director of professional services in the Accident Room, and he remained an employee of MAH until he reached his 65th birthday on December 18, 2002. See Affidavit of Plaintiff Anthony P. Scapicchio ("Scapicchio Aff."), at ¶¶2 and 16, and Exhibit A thereto. Dr. Scapicchio also was appointed to the

|   |   |
|---|---|
|   | MAH medical staff on October 31, 1974. Id., at ¶4, and Exhibit B thereto. His appointment to the medical staff was separate and distinct from his employment by MAH, and his medical staff appointment was on a year-to-year basis, subject to the discretion of the MAH medical staff. Id., at ¶¶5 and 6. Further, the MAH medical staff operated, at all times relevant to this litigation, under a separate set of MAH medical staff by-laws that were distinct from MAH's employment agreement with Dr. Scapicchio. Id., at ¶8. |
| 3. | Disputed. Dr. Scapicchio became an employee of MAH on or about September 1, 1974, and on that date he began participating in the defined benefit pension plan then provided by MAH. See Scapicchio Aff., at ¶2. |
| 4. | Undisputed. |
| 5. | Undisputed. |
| 6. | Undisputed. |
| 7. | Disputed. Dr. Scapicchio's long-term disability benefits were effective as of April 13, 1995, in light of the 90-day waiting period required under the long-term disability plan. See Scapicchio Aff., at ¶14. Under the terms of the plan, the 90-day waiting period commenced when Dr. Scapicchio took an emergency 20-week medical leave of absence from MAH beginning on January 13, 1995, as a result of his progressive major depression. Id. Accordingly, his long-term disability benefits were effective as of April 13, 1995. Id. |
| 8. | Disputed. Dr. Scapicchio's emergency medical leave of absence commenced on January 13, 1995, and ended on April 13, 1995, the commencement date for his status as a long-term disabled employee under the long-term disability plan |

    provided by MAH. See Scapicchio Aff., at ¶14. Dr. Scapicchio remained a long-term disabled employee of MAH until December 18, 2002, when he reached the age of 65 years. Id., at ¶16. Moreover, the emergency medical leave of absence commenced by Dr. Scapicchio only lasted, pursuant to MAH's written policy, for a maximum period of twenty (20) weeks, and this 20-week limitation period played a key role in Dr. Scapicchio's decision to seek disabled employee status in April 1995. Id., at ¶¶13 and 15.

9. Dr. Scapicchio responds by stating that the MAH medical staff by-laws referenced therein speak for themselves, but are irrelevant to this litigation. More specifically, and as noted above in paragraph 2, Dr. Scapicchio remained an employee of MAH from August 1974 through December 2002, although he resigned from the MAH medical staff on February 8, 1996. See Scapicchio Aff., at ¶¶16 and 17, and Exhibit E thereto.

10. Dr. Scapicchio responds by stating that the letter referenced therein speaks for itself, and by further stating that his resignation from the MAH medical staff had no bearing or effect on Dr. Scapicchio's continued employment by MAH, which continued until December 18, 2002. See Scapicchio Aff., at ¶¶16 and 17, and Exhibit E thereto.

11. Disputed. The deposits made by MAH into Dr. Scapicchio's 403(b) retirement account between January 1, 1995 and September 30, 1995 constitute employer contributions to Dr. Scapicchio's retirement account, in accordance with the terms and conditions of the 403(b) Retirement Plan provided by MAH to its employees,

including Dr. Scapicchio.  <u>See</u> Scapicchio Aff., at ¶¶18 and 19, and Exhibit F thereto.

12. Disputed.  The deposits made by MAH into Dr. Scapicchio's 403(b) retirement account between January 1, 1995 and September 30, 1995 constitute employer contributions to Dr. Scapicchio's retirement account, in accordance with the terms and conditions of the 403(b) Retirement Plan provided by MAH to its employees, including Dr. Scapicchio.  <u>See</u> Scapicchio Aff., at ¶¶18 and 19, and Exhibit F thereto.

13. Dr. Scapicchio responds that the correspondence referenced therein speaks for itself.

14. Dr. Scapicchio responds that the correspondence referenced therein speaks for itself.

15. Dr. Scapicchio responds that the correspondence referenced therein speaks for itself.

16. Undisputed.

17. Disputed.  Dr. Scapicchio responds by stating that his status as a disabled employee of MAH ceased on December 18, 2002, and he further responds that the terms of the long-term disability policy referenced in paragraph 17 speak for themselves.  <u>See</u> Scapicchio Aff., at ¶16.

18. Disputed.  Dr. Scapicchio further states that, from December 18, 2002 until the present, his 403(b) retirement account with Fidelity Investments has been underfunded as a result of the defendants' failure to properly make employer contributions to said account in accordance with the 403(b) retirement plan

4

provided by MAH to its employees, and, accordingly, Dr. Scapicchio has been unable to have the rightful value of his account paid to him. See Scapicchio Aff., at ¶20.

> Respectfully submitted,
> **ANTHONY P. SCAPICCHIO, M.D.**
> By his attorney,
>
> /s/ John S. Day
> _____
> John S. Day (BBO #639249)
> 167 Washington Street
> Norwell, MA 02061
> 781-878-6541 (telephone)
> 781-846-0780 (facsimile)
> jday@attorneyday.com (electronic mail)

Date:   February 4, 2005

**CERTIFICATE OF SERVICE**

I, John S. Day, hereby certify that on the 4th day of February, 2005, I caused a copy of the foregoing to be served, by electronic filing, upon Philip M. Cronin, Peabody & Arnold, 30 Rowes Wharf, 6th Floor, Boston, Massachusetts 02110.

> /s/ John S. Day
> _____
> John S. Day