UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 FEB -4  A 10: 47

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| ANTHONY P. SCAPICCHIO<br>Plaintiff<br><br>v.<br><br>MOUNT AUBURN PROFESSIONAL<br>SERVICES, MOUNT AUBURN HOSPITAL,<br>as administrator of the Mount Auburn Hospital<br>RetirementPlus 403(b) Plan, and THOMAS<br>FABIANO<br>Defendants | CIVIL ACTION NO. 04-11573-RWZ |

**DEFENDANTS' REPLY TO PLAINTIFF'S STATEMENT OF UNDISPUTED
MATERIAL FACTS IN SUPPORT OF PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT**

Defendants, Mount Auburn Professional Services, Mount Auburn Hospital, as

administrator of the Mount Auburn Hospital RetirementPlus 403(b) Plan and Thomas Fabiano

(collectively, "Mount Auburn Hospital") hereby respond to Plaintiff Anthony P. Scapicchio,

M.D.'s ("Scapicchio") Statement of Undisputed Material Facts in Support of Plaintiff's Motion

for Summary Judgment as follows:

**Dr. Scapicchio's Professional History**

1.      Disputed. Scapicchio was employed at Mount Auburn Hospital from October 31,

1974 until his resignation from the medical staff on February 8, 1996. (Def. Aff. ¶8, 15.)

2.      Disputed. In addition to his medical duties, Scapicchio had various administrative

responsibilities during his tenure at Mount Auburn Hospital, which Plaintiff sets forth in

paragraphs 3, 4, 5, and 6 of his Statement of Undisputed Material Facts.

3.      Agreed.

4.      Agreed.

5.    Agreed.

6.    Agreed.

7.    Disputed. This paragraph is irrelevant and immaterial to the present dispute. The employment agreement referenced in paragraph 7 has no bearing on Scapicchio's entitlement to benefits under the RetirementPlus 403(b) Plan. The Defendants further state that the employment agreement speaks for itself.

## Pension and Retirement Plans Offered by Mount Auburn Hospital

8.    Agreed.

9.    Disputed. The terms of the 1976 revision are irrelevant and immaterial to the present dispute. The 1976 plan was a defined benefit pension plan which terminated on December 31, 1989. See Aff. ¶ 21. Further "Retirement Credits" under the 1976 plan are not the equivalent of defined contributions under the RetirementPlus 403(b) Plan. See Exhibit E to Plaintiff's Statement of Undisputed Material Facts ("Pl's Exhibit E") at p. 4. Further, the terms of the 1976 plan speak for themselves.

10.    Agreed.

11.    Agreed.

12.    Agreed.

13.    Disputed. The facts contained in paragraph 13 are irrelevant and immaterial to the present dispute. The language of the RetirementPlus 403(b) Plan is clear and unambiguous and speaks for itself.

14.    Disputed. The Defendants further state that the intent of the RetirementPlus 403(b) Plan developers is irrelevant and immaterial to the present dispute. Scapicchio's entitlement to benefits turns on the clear and unambiguous language of the RetirementPlus 403(b) Plan, which speaks for itself.

15.    Agreed but subject to the provision that the RetirementPlus 403(b) Plan speaks for itself.

16.    Agreed but subject to the provision that the RetirementPlus 403(b) Plan speaks for itself.

17.    Agreed but subject to the provision that the RetirementPlus 403(b) Plan speaks for itself.

18.    Agreed but subject to the provision that the RetirementPlus 403(b) Plan speaks for itself.

### Dr. Scapicchio's Employment Agreement With Mount Auburn Professional Services

19.    Disputed. The facts contained in this paragraph are irrelevant and immaterial. The written employment agreement referred to in paragraph 19 does not control the outcome of the present dispute which is governed solely by the terms of the RetirementPlus 403(b) Plan documents.

20.    Disputed. The facts contained in this paragraph are irrelevant and immaterial for reasons stated in paragraph 19.

21.    Disputed. The facts contained in this paragraph are irrelevant and immaterial for reasons stated in paragraph 19.

22.    Disputed. The facts contained in this paragraph are irrelevant and immaterial for reasons stated in paragraph 19.

23.    Disputed. The Defendants state that although Scapicchio received benefits under the long term disability ("LTD") plan, the benefits he seeks in the present lawsuit are under the RetirementPlus 403(b) Plan. For this reason, the terms of the LTD plan or the circumstances of Scapicchio's enrollment and claim for benefits under it are irrelevant and immaterial to his alleged entitlement to benefits under the RetirementPlus 403(b) Plan.

24.     Disputed. The facts contained in paragraph 24 are irrelevant and immaterial to the present dispute because the circumstances surrounding Scapicchio's enrollment in the LTD plan are irrelevant to his present claims for benefits under the RetirementPlus 403(b) Plan.

25.     Disputed. The facts contained in paragraph 25 are irrelevant and immaterial to the present dispute because the circumstances surrounding Scapicchio's enrollment in the LTD plan are irrelevant to his present claims for benefits under the RetirementPlus 403(b) Plan.

26.     Disputed. Scapicchio was sent a copy of the LTD policy on August 9, 1995. See Aff. ¶ 12 and Exhibit 9 (Transmittal Letter and Policy). The Defendants further state that Liberty, not Mount Auburn Hospital, is the plan fiduciary of the LTD plan. (Def. Aff. Ex. 9.)

27.     Disputed. The facts contained in paragraph 27 are irrelevant and immaterial to the present dispute because communications between Scapicchio and Mount Auburn Hospital employees regarding the LTD plan are irrelevant to his present claims for benefits under the RetirementPlus 403(b) Plan.

28.     Disputed. The characterizations regarding the information available to Scapicchio at the time of his enrollment in the LTD plan are irrelevant and immaterial to his present claim for benefits under the RetirementPlus 403(b) Plan.

29.     Agreed.

### Dr. Scapicchio's Disability

30.     Agreed.

31.     Agreed only that Scapicchio applied for LTD benefits on April 20, 1995 but disputed that he applied at the recommendation of an MAH employee.

32.     Disputed. Scapicchio was provided with a copy of the LTD plan in August, 1995. (Def. Aff. ¶12, Ex. 9.)

4

33.    Disputed. The facts contained in paragraph 33 are irrelevant and immaterial as a matter of law. Nancy Stryker denies having any such conversation with Scapicchio. (Stryker Aff.)

34.    Disputed. The facts contained in paragraph 33 are irrelevant and immaterial as a matter of law. Nancy Stryker denies having any such conversation with Scapicchio. (Stryker Aff.)

35.    Disputed. The facts contained in paragraph 33 are irrelevant and immaterial as a matter of law. Nancy Stryker denies having any such conversation with Scapicchio. (Stryker Aff.)

36.    Disputed. The facts contained in paragraph 33 are irrelevant and immaterial as a matter of law. Nancy Stryker denies having any such conversation with Scapicchio. (Stryker Aff.)

37.    Disputed. The facts contained in paragraph 33 are irrelevant and immaterial as a matter of law. Nancy Stryker denies having any such conversation with Scapicchio. (Stryker Aff.) (Def. Supp. Aff., ¶¶4-10.)

38.    Agreed.

39.    Agreed.

40.    Agreed.

41.    Agreed.

42.    Agreed.

43.    Disputed. The facts contained in paragraph 43 are irrelevant and immaterial to the present dispute.

44.    Disputed. The circumstances surrounding Scapicchio's entitlement to LTD benefits are irrelevant and immaterial to the present dispute.

45.     Disputed.  The circumstances surrounding Scapicchio's receipt of LTD benefits are irrelevant and immaterial to the present dispute.

46.     Disputed.  The circumstances surrounding Scapicchio's receipt of LTD benefits are irrelevant and immaterial to the present dispute.  When Scapicchio's benefits were restored in January 1998, he was paid in full for the period of April 13, 1997 to January 31, 1998.  (Def. Supp. Aff. ¶17.)

47.     Agreed.

**The Defendants' Failure to Properly Fund Dr. Scapicchio's Retirement Account**

48.     Disputed.  The benefits available to Scapicchio under the LTD ceased at age 65. (Def. Aff. Ex. 9.)

49.     Disputed.  Mount Auburn did not pay Scapicchio after his medical leave of absence ended in June 1995.  The W-2 Forms for years 1996 - 2002  report LTD benefits received directly from Liberty as a third party payer, not compensation from Mount Auburn Hospital.  (Def. Supp. Aff. ¶¶19-31.)

50.     Agreed but subject to the provision that during this period, Scapicchio was receiving medical leave of absence compensation from Mount Auburn Hospital.  Contributions by Mount Auburn Hospital to Scapicchio's RetirementPlus 403(b) Plan in 1995 were based on his medical leave of absence compensation paid by Mount Auburn Hospital, not on his LTD payments.  Contributions to the RetirementPlus 403(b) Plan ceased when his medical leave of absence ceased.  (Def. Supp. Aff. ¶19.)

51.     Disputed.  Upon receipt of his statement from Fidelity Investments on October 1, 1995, and the W-2 form for 1995, Scapicchio knew or should have known that Mount Auburn Hospital was not contributing to his RetirementPlus 403(b) Plan account at Fidelity Investments. (Def. Aff. ¶27.)

52.    Agreed but subject to the provision that the letter speaks for itself.

53.    Agreed.

54.    Agreed.

55.    Disputed.  The LTD plan is  irrelevant and immaterial to Scapicchio's claim for

benefits under his RetirementPlus 403(b) Plan.

MOUNT AUBURN PROFESSIONAL
SERVICES, MOUNT AUBURN HOSPITAL,
as the administrator of MOUNT AUBURN
HOSPITAL RETIREMENTPLUS 403(b) PLAN
and THOMAS FABIANO
By their Attorneys,

Philip M. Cronin, BBO #106060
Michael J. Cedrone, BBO #657708
PEABODY & ARNOLD LLP
30 Rowes Wharf, 6th Floor
Boston, MA  02110
(617) 951.2065

606735_1
5436-90871

7