UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11573-RWZ

_____
ANTHONY P. SCAPICCHIO, M.D.,      )
                Plaintiff,      )
                                   )
v.      )
                                   )
MOUNT AUBURN PROFESSIONAL      )
SERVICES, a Massachusetts non-      )
profit corporation, MOUNT AUBURN      )
HOSPITAL, a hospital incorporated      )
in Massachusetts, for itself and as      )
administrator of the Mount Auburn      )
Hospital RetirementPlus 403(b)      )
Plan, and THOMAS FABIANO,      )
                Defendants.      )
_____)

## MOTION OF PLAINTIFF ANTHONY P. SCAPICCHIO, M.D. FOR RECONSIDERATION OF MEMORANDUM OF DECISION AND JUDGMENT ENTERED ON AUGUST 9, 2005

Now comes the Plaintiff, Anthony P. Scapicchio, M.D., and, in accordance with Rule 59 of the Federal Rules of Civil Procedure, respectfully moves this Court to reconsider its August 9, 2005 Memorandum of Decision and Judgment in favor of the Defendants. The parties to this litigation submitted cross motions for summary judgment, and this Court has denied Dr. Scapicchio's motion and allowed the Defendants' motion. As set forth below, Dr. Scapicchio respectfully asserts that the Court's August 9, 2005 Memorandum of Decision, upon which the Judgment is based, contains an error of material fact that warrants reconsideration of the Judgment that the Court has entered in favor of the Defendants.

More specifically, the Court's Memorandum of Decision is based upon the Court's finding that Dr. Scapicchio's long-term disability benefits were taxable and, therefore, defined as "pay" within the terms of the RetirementPLUS Plan ("the Plan").[1] Dr. Scapicchio respectfully maintains that this factual finding, which forms the basis for the Memorandum of Decision, is erroneous. As an initial matter, Dr. Scapicchio paid a portion of the premiums for the long-term disability plan. See Affidavit of Anthony P. Scapicchio, M.D. in Support of Motion for Reconsideration ("Scapicchio Aff."), attached hereto as Exhibit 1, at ¶2. Consequently, Dr. Scapicchio was not taxed for the long-term disability benefits he received as a result of his direct payment of the long-term disability premiums. See Scapicchio Aff., at ¶3.

The tax-exempt nature of these long term disability benefits is further established by the monthly Explanation of Benefit Statements that Dr. Scapicchio received from Liberty Mutual,[2] all of which reflect that 86.6% of Dr. Scapicchio's monthly long term disability payment was *exempt* from taxation. See Scapicchio Aff., at ¶4. See, also, Monthly Liberty Mutual Explanation of Benefits Statements for the period of January 2000 through December 2002, attached hereto as Exhibit B. Finally, Dr. Scapicchio's W-2 forms for the years 1995 through 2002 also reflect the tax exempt nature of the long-term disability payments he received, by indicating that 86.6% of the payments were *not* taxable. See Scapicchio Aff., at ¶5. See, also, W-2 Forms for the years 1995 through 2002, attached hereto as Exhibit C.

---

[1] See Memorandum of Decision, dated August 9, 2005, at p. 3. Dr. Scapicchio appended the Plan as Exhibit F to the Statement of Undisputed Material Facts he filed in support of his motion for summary judgment, which is incorporated by reference herein.
[2] Liberty Mutual Insurance Company administered the long-term disability plan at issue in this litigation.

Wherefore, for the reasons set forth above, as well as in Dr. Scapicchio's motion for summary judgment and Dr. Scapicchio's opposition to the defendants' motion for summary judgment, each of which is incorporated by reference herein, Plainitff Anthony P. Scapicchio, M.D. respectfully moves this Court to reconsider its August 9, 2005 Judgment and, instead, enter Judgment in favor of Dr. Scapicchio on all claims raised in Dr. Scapicchio's Complaint.

    Respectfully submitted,
**ANTHONY P. SCAPICCHIO, M.D.**
By his attorney,

/s/ John S. Day
_____
John S. Day (BBO #639249)
24 Bay Road
Duxbury, MA 02332
781-934-2008 (telephone)
781-846-0780 (facsimile)
jday@daylaw.com (electronic mail)

Date:    August 19, 2005

### CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(2)

I, John S. Day, Esquire, hereby certify that, on the morning of August 18, 2005, I notified Philip M. Cronin, Esquire, counsel for the Defendants, by voicemail message, that I would be filing this motion for reconsideration. I have not received any response from Mr. Cronin, and I am, therefore, filing this motion for reconsideration at this time in order to ensure that it is timely filed.

    /s/ John S. Day
    _____

### CERTIFICATE OF SERVICE

I, John S. Day, Esquire, hereby certify that on the 19th day of August, 2005, I caused a copy of the foregoing to be served, by electronic filing, upon Philip M. Cronin, Peabody & Arnold, 30 Rowes Wharf, 6th Floor, Boston, Massachusetts 02110.

    /s/ John S. Day
    _____
    John S. Day