UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANTHONY P. SCAPICCHIO<br>Plaintiff<br><br>v.<br><br>MOUNT AUBURN PROFESSIONAL<br>SERVICES, MOUNT AUBURN HOSPITAL,<br>as administrator of the Mount Auburn Hospital<br>RetirementPlus 403(b) Plan, and THOMAS<br>FABIANO<br>Defendants | CIVIL ACTION NO. 04-11573-RWZ |

**OPPOSITION OF THE DEFENDANTS
TO PLAINTIFF'S MOTION FOR RECONSIDERATION**

The plaintiff has asked this Court to reconsider the judgment it entered on August 9, 2005 in favor of the defendants in this matter. Plaintiff contends that the Court made an error of material fact when it concluded that long term disability insurance payments were not pay within the meaning of the RetirementPlus 403(b) Plan ("Plan") at issue in this case. However, the Court was correct in its ruling. Long term disability insurance payments are not pay under the plan, and consequently, no Plan contributions were due based on them. Pay is explicitly defined as "compensation . . . for the performance of services." It is undisputed that Scapicchio was not performing services while he was disabled. For these reasons, the Court should deny the plaintiffs' motion for reconsideration.

**I.      Scapicchio's Long Term Disability Plan Was a Taxable Fringe Benefit**

The Court properly focused on the language of the Plan in its decision. In an ERISA case, the Court must enforce "the plain language" of the Plan "in accordance with 'its literal and natural meaning." Harris v. Harvard Pilgrim Health Care, Inc., 208 F.3d 274, 277-278 (1st Cir.

2000). In this case, the Plan provides that the hospital "will contribute a percentage of your pay . . . for each pay period that you participate." Ex. A, Plan, § 2.3. The Plan defines "pay" as follows:

> Compensation received by you from the hospital during the pay periods that you participate for the performance of services including overtime pay, shift differential, bonuses and incentive pay. It does not include reimbursed expenses, taxable fringe benefits or any other item not constituting direct compensation for services.

Id. The long term disability plan was a taxable fringe benefit within the meaning of the Plan. Affidavit of the Defendants in Support of their Opposition to Plaintiffs' Motion for Reconsideration (Def. Aff.) at ¶ 5. The hospital paid premiums which provided basic coverage under the long term disability insurance plan. All insurance payments attributable to hospital-paid premiums were fully taxable when received. Consequently, it is undisputed that the portion of the Plan which a hospital-provided benefit was a taxable fringe benefit.

The remainder of the plan was also taxed. Scapicchio elected to pay out-of-pocket premiums which provided supplemental coverage. Def. Aff. at ¶ 10. These premiums were paid in after-tax dollars. Id. Essentially, Scapicchio used after-tax dollars to purchase additional insurance payments when he became disabled. Consequently, this portion of the plan was also taxed. Instead of being taxable when received, this portion of the plan was funded by premiums paid in after-tax dollars.

This system is mandated by the Internal Revenue Code. As the Court recognized in its opinion, the Internal Revenue Code mandates that insurance payments received by an employee because of sickness are includible in gross income if they "are attributable to contributions by the employer which were not includible in the gross income of the employee." 26 U.S.C. § 105(a). The regulations clarify that the portion of insurance payments which are attributable to employer contributions are includible in gross income on an individual income tax return. 26 C.F.R.

2

1.105-1(c)(1). The regulations provide a formula for determining what percentage of payments are attributable to employer-paid premiums. Id. at 1.105-1(d)(2).

Consequently, following applicable tax law and upon the advice of a consulting actuary, Mount Auburn calculated which portion of the long term disability payments were attributable to employer paid premiums and which portion were attributable to Scapicchio's payment of premiums in after-tax dollars. Def. Aff. at ¶ 11. These portions of the payments were respectively reported in their appropriate boxes on Scapicchio's W-2 forms. Id. at ¶¶ 18-19.

Thus, the long term disability insurance plan is entirely within the federal tax system. The portion of insurance payments attributable to Mount Auburn-paid premiums was taxed when received. The employer-paid premiums were not includible in the Scapicchio's gross income pursuant to 26 U.S.C. § 105(a). Because the premiums were not taxed, the insurance payments attributable to these premiums were taxed when received.

The portion of payments attributable to premiums paid by Scapicchio were not taxed when received because the premiums were paid in after tax dollars. If premiums were paid from after-tax dollars *and* the corresponding insurance payments were taxed, double taxation would occur. The federal tax system avoids this result by ensuring that the entire plan is taxed once. In the case of employer paid premiums, the corresponding insurance payments are taxed when received. In the case of employee paid premiums, these premiums are paid from after-tax dollars, so no further tax is collected when insurance payments are received. No portion of the Long Term Disability Insurance plan is tax-free.

II.     **Long Term Disability Insurance Payments Are Not Pay As That Term is Defined By the Plan**

Scapicchio's arguments would work mischievous results with the definition of "pay" under the RetirementPlus 403(b) Plan. The portion of his insurance plan funded by Mount Auburn resulted in taxable insurance payments. Consequently, the plan provided by Mount

3

Auburn was a "taxable fringe benefit" and excluded from the definition of "pay" under the Plan. Scapicchio asks this court to rule that his election to purchase supplemental coverage resulted in an increase in pay, thereby obligating Mount Auburn to make further contributions to the Plan. This result would violate both the letter and the spirit of the definition of "pay." "Pay" would cease to be "compensation . . . for performance of services" and instead become dependent on the unilateral and independent act of Scapicchio, who voluntarily elected to purchase supplemental long term disability insurance coverage.

Indeed, "pay" would also cease to be "compensation received . . . from the hospital" and instead would include disability insurance payments which are not even attributable to the hospital's payment of premiums, but instead are attributable to Scapicchio's own payment of premiums. Mount Auburn had no role in determining Scapicchio's eligibility for disability insurance payments. This determination was made by Liberty Mutual, the plan administrator. Consequently, the insurance payments are not "pay" under the plan, which by definition specifically excludes "any other item not constituting direct compensation for services."

WHEREFORE, for reasons set forth herein, as well as reasons set forth in the Defendants' Motion for Summary Judgment, Defendants' Opposition to Plaintiffs' Motion for Summary Judgment, and related filings, which are incorporated herein by reference, the Defendants respectfully request that this Court deny the Plaintiff's Motion for Reconsideration.

Respectfully submitted,

MOUNT AUBURN PROFESSIONAL
SERVICES, MOUNT AUBURN HOSPITAL,
as the administrator of MOUNT AUBURN
HOSPITAL RETIREMENTPLUS 403(b) PLAN
and THOMAS FABIANO
By their Attorneys,

/s/ Michael J. Cedrone

_____
Philip M. Cronin, BBO #106060
Michael J. Cedrone, BBO #657708
PEABODY & ARNOLD LLP
30 Rowes Wharf, 6th Floor
Boston, MA  02110
(617) 951.2100

621268_1
5436-90871